No. 30,069.

AMY O. RAFTER, *Plaintiff*, v. F. H. RICHARDSON et al., *Defendants*.

(299 Pac. 605.)

Opinion filed June 6, 1931.

*F. G. Drenning,* of Topeka, for the plaintiff.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, Ralph W. Oman,* all of Topeka, and *W. L. Sayers,* of Hill City, for the defendants.

The opinion of the court was delivered by

BURCH, J.: The action is an original action of mandamus in this court to compel the probate judge of Graham county to set aside a temporary order which he made in an action, pending in the district court of Graham county, restraining sale of real and personal property on execution, and to compel the sheriff of Graham county to execute the writ which the probate judge enjoined him from executing.

Richardson purchased mortgaged land in Nemaha county, and assumed and agreed to pay the mortgage. The mortgage was foreclosed in Nemaha county. Richardson was personally served in Graham county, and a personal judgment was rendered against him in favor of Amy O. Rafter. The land did not sell at foreclosure sale for enough to satisfy the judgment, and execution was issued against Richardson and sent to the sheriff of Graham county. By virtue of the writ the sheriff seized real and personal property which he advertised for sale. Richardson commenced an action in the district court of Graham county to enjoin execution of the writ on the ground the personal judgment against him was void. In the absence of the district judge the probate judge issued a temporary order restraining execution of the writ, and set the hearing in the district court for February 2, 1931. The sheriff made the following return on the writ of execution:

"December 25, 1930. I was served with a restraining order enjoining any sale under this execution until further orders. I hold my levy intact upon all property levied upon." .

On January 13, 1931, Amy O. Rafter commenced the action in this court. Richardson moved to quash the alternative writ.

There was no excuse for the action in this court. Concede that the petition for injunction in the district court of Graham county did not state a cause of action and the restraining order was wrongfully issued; nevertheless, the petition presented a question for judicial determination, the district court had jurisdiction to decide the question, the probate judge had jurisdiction to issue the restraining order, and the plaintiff here had a perfectly plain and adequate remedy in the ordinary course of law to obtain dissolution of the restraining order. (R. S. 60-1702.) Mandamus issues to compel performance of an act which the law specially enjoins as a legal duty. (R. S. 60-1701.) The probate judge had no power to vacate the restraining order after it had been issued, and rests under no legal duty to do so. The sheriff who was enjoined was obliged to obey the injunction, and mandamus does not lie to compel him to perform an act which he was enjoined from doing. Neither he nor his successor, the present sheriff, is refusing to do any duty enjoined by law.

The motion to quash is allowed. .